**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| CLARENCE COLLINS, ) <br> ) <br> Plaintiff, ) <br> vs. ) <br> ) <br> ANTHONY GOURDINE; DOES I through X; ) <br> and ROE CORPORATIONS I through X, ) <br> ) <br> Defendant. ) <br> ) | Case No.: 2:12-cv-01599-GMN-VCF <br><br> **ORDER** |

Pending before the Court is the Motion for Temporary Restraining Order, Motion for Preliminary Injunction and Motion for Order Shortening Time Pursuant to LR 6-1 (ECF No. 7), that was filed by Plaintiff Clarence Collins ("Plaintiff").

**I.   BACKGROUND**

Plaintiff has been a member of a musical act known as "Little Anthony & The Imperials" ("the Mark") since 1958. (Pl.'s Mot. for TRO 2:22-23, ECF No. 7.)  The Mark has been in continuous use for more than 50 years and Plaintiff "has spent substantial sums of money to advertise and promote [the Mark]." Additionally, the Mark has acquired secondary meaning. (*Id.* at 3:4-7.)  As the "sole originator of the name and concept" for this moniker, Plaintiff established common law rights to the trademark. (*Id.* at 2:23-27.)  In October of 2006, Plaintiff filed an application to trademark the Mark with the United States Patent and Trademark Office ("USPTO"). (*Id.* at 2:27-28.)  That application was approved and the Mark was registered on March 23, 2010. (*Id.* at 3:1; *see also* Ex. 3, ECF No. 7-3.)

Although Plaintiff owns the exclusive rights to use the Mark, for fifteen (15) years, Plaintiff and Defendant have divided all revenue generated from the Mark equally, pursuant to

an oral Licensing Agreement. (*Id.* at 3:9-11.) However, "[o]n or about April 26, 2012, Plaintiff conveyed to Defendant that he no longer wished to perform with [the band] because of his age and for health reasons." (*Id.* at 3:18-19.) At that time, Plaintiff informed Defendant that he would agree to a continuing License Agreement that would allow Defendant to continue performing and using the Mark. (*Id.* at 3:19-21.) Unfortunately, Plaintiff and Defendant were unable to agree on the terms of such an agreement. (*Id.* at 3:21-23.)

Even though there is no valid Licensing Agreement between the parties, Defendant has continued to use the Mark in connection with his musical performances. (*Id.* at 4:12-16.) Defendant has failed to respond to Plaintiff's Cease and Desist letter and has refused to pay Plaintiff's rightful percentage of the revenues from these musical performances. (*Id.* at 4:3-10.) Moreover, Defendant has already scheduled two additional concerts in which Defendant intends to use the Mark in connection with his performance. (*Id.* at 4:12-13.) One of these concerts took place on September 14, 2012. (*Id.* at 4: Ex. 5, ECF No. 7-5.)

As a result of Defendant's conduct, Plaintiff filed this action alleging trademark infringement. (Compl., ECF No. 1.) Subsequently, Plaintiff also filed this Motion for Temporary Restraining Order, Motion for Preliminary Injunction and Motion for Order Shortening Time Pursuant to LR 6-1. (Pl.'s Mot for TRO, ECF No. 7.)

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 65 governs preliminary injunctions and temporary restraining orders, and requires that a motion for temporary restraining order include "specific facts in an affidavit or a verified complaint [that] clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition," as well as written certification from the movant's attorney stating "any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b).

Temporary restraining orders are governed by the same standard applicable to

preliminary injunctions. *See Cal. Indep. Sys. Operator Corp. v. Reliant Energy Servs., Inc.*, 181 F.Supp. 2d 1111, 1126 (E.D. Cal. 2001). Furthermore, a temporary restraining order "should be restricted to serving [its] underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70*, 415 U.S. 423, 439 (1974).

A preliminary injunction may be issued if a plaintiff establishes: (1) likelihood of success on the merits; (2) likelihood of irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). "Injunctive relief [is] an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Id.* at 22.

The Ninth Circuit has held that "'serious questions going to the merits' and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the *Winter* test are also met." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1132 (9th Cir. 2011).

"In deciding a motion for a preliminary injunction, the district court 'is not bound to decide doubtful and difficult questions of law or disputed questions of fact.'" *Int'l. Molders' & Allied Workers' Local Union No. 164*, 799 F.2d 547, 551 (9th Cir. 1986) (quoting *Dymo Indus., Inc. v. Tapeprinter, Inc.*, 326 F.2d 141, 143 (9th Cir. 1964)).

"The urgency of obtaining a preliminary injunction necessitates a prompt determination and makes it difficult to obtain affidavits from persons who would be competent to testify at trial. The trial court may give even inadmissible evidence some weight, when to do so serves the purpose of preventing irreparable harm before trial." *Flynt Distrib. Co., Inc. v. Harvey*, 734 F.2d 1389, 1394 (9th Cir. 1984) (citing 11 C. Wright and A. Miller, *Federal Practice and Procedure, Civil*, § 2949 at 471 (1973)).

## III. DISCUSSION

Here, Plaintiff has not met its burden in showing that he has suffered irreparable damages. Accordingly, the Court need not reach the remaining elements of the temporary restraining order standard.

### A. Irreparable Injury

In order to prevail on an *ex parte* motion for a temporary restraining order, Plaintiffs must establish that there is more than a mere possibility of irreparable harm; Plaintiffs must establish that "irreparable injury is *likely* in the absence of an injunction." *Winter*, 555 U.S. at 22 (alteration in original) (citations omitted) (stating that "[i]ssuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with [the Supreme Court's] characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief"). Moreover, "[i]n addition to irreparable injury, the plaintiff must show that he has no adequate remedy at law." *Alexander v. Am. United Inc.*, 416 U.S. 752, 776 (1974); *see also Amoco Prod. Co. v. Vill. of Gambell*, 480 U.S. 531, 542 (1987) (noting that "the bases for injunctive relief are irreparable injury and inadequacy of legal remedies").

In this case, Plaintiff merely states that "Plaintiff has suffered and continues to suffer monetary loss and irreparable harm to his business, reputation, and goodwill." (Mot. for TRO 4:27-28, ECF No. 7.) Despite repeating this phrase and other similar phrases, Plaintiff fails to provide the actual basis for this asserted irreparable harm to Plaintiff's business, reputation, and goodwill. In fact, Plaintiff's only asserted injury is the injury incurred from Defendant's past performances using the Mark, for which Defendant has not paid Plaintiff his due percentage of the revenues and for future performances in which Defendant continues to use the Mark without Plaintiff's authorization. For this type of injury there is certainly an adequate remedy at law; namely, Plaintiff may seek money damages from Defendant. Plaintiff cannot simply

repeat the phrase "irreparable injury" without providing the basis for that irreparable injury and expect the Court to find a likelihood of irreparable injury.

Finally, as discussed above, the same legal standard applies to Motions for Temporary Restraining Orders and to Motions for Preliminary Injunction. Accordingly, Plaintiff's Motion for Preliminary Injunction also fails for the reasons discussed above.

## IV.    CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Temporary Restraining Order (ECF No. 7) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Preliminary Injunction (ECF No. 8) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Shorten Time Regarding the Motion for Temporary Restraining Order (ECF NO. 9) is **DENIED as MOOT**.

**DATED** this 18th day of September, 2012.

_____
Gloria M. Navarro
United States District Judge